# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS L. FRYER, | : | Case No. 2:22-cv-3455 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Marion Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, the return of writ, and petitioner's reply. (Doc. 1, 7, 10).

For the reasons stated below, it is recommended that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On October 27, 2006, the Perry County, Ohio, grand jury returned a thirty-two-count indictment charging petitioner with one count of rape and thirty-one counts of gross sexual imposition. (Doc. 6, Ex. 1). Petitioner, through counsel, filed a motion for leave to enter an insanity plea and request for a psychological examination. (Doc. 6, Ex. 3). The trial court granted petitioner's motion requesting a psychiatric evaluation. (Doc. 6, Ex. 4). A clinical psychologist subsequently filed an evaluation report and the trial court scheduled a competency hearing before the case ultimately proceeded to trial. (*See* Doc. 6, Ex. 5).

Petitioner, also through counsel, filed a motion to suppress statements made to the police. (Doc. 6, Ex. 5). Following a hearing on the motion, the trial court denied petitioner's motion. (Doc. 6, Ex. 9).

On March 20, 2007, pursuant to a negotiated plea agreement, petitioner executed a guilty plea form and pleaded guilty to one count of rape and fifteen counts of gross sexual imposition. (*See* Doc. 6, Ex. 10). On April 17, 2007, the trial court accepted the plea and found petitioner guilty of the enumerated offenses. Petitioner was sentenced to a total aggregate prison sentence of twenty years in the Ohio Department of Corrections. (Doc. 6, Ex. 11; Doc. 6-1, Trans. at PageID 463-65).

Petitioner did not file a direct appeal to the Ohio Court of Appeals or seek further review in the Ohio Supreme Court from the 2007 judgment entry.

### Motion to Correct Sentence

On March 12, 2014, nearly seven years after his conviction, petitioner filed a motion to correct sentence, which was granted in part by the trial court. (Doc. 6, Ex. 14, 16). Petitioner argued that his means of conviction was not indicated in the trial court's final sentencing entry, post-release control was not properly imposed, and he was not properly determined to be a sexual predator. On June 6, 2014, the trial court issued an entry directing the state to prepare a *Nunc Pro Tunc* Termination Judgment Entry containing the means of conviction and specifying that post-release control is mandatory. The trial court determined that the State and petitioner agreed that petitioner would be classified as a sexual predator, and denied petitioner's motion with respect to the sexual predator determination. On June 18, 2014, consistent with the ruling, the trial court entered a *nunc pro tunc* termination judgment entry. (Doc. 6, Ex. 17).

On June 27, 2014, petitioner appealed the decision to the Ohio Court of Appeals. (Doc. 6, Ex. 18). Petitioner, through counsel, asserted the following two assignments of error:

1. The trial court erred in refusing to hold and evidentiary hearing as to Appellant's status as a sexual predator.

2. The trial court erred in trying and convicting of crimes that were not specific to distinguish different crimes charged due to duplicitous indictment.

(See Doc. 6, Ex. 20, 22).[1] On February 9, 2015, the Ohio Court of Appeals affirmed the decision of the trial court. (Doc. 6, Ex. 23). Petitioner did not appeal the decision to the Ohio Supreme Court.

## Ohio Rule 26(B) Application to Reopen Appeal

On July 16, 2015, petitioner filed an application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 6, Ex. 24). Petitioner argued that appellate counsel in his June 27, 2014 appeal was ineffective for failing to raise the following assignments of error:

1. Subject Matter Jurisdiction

2. No final order

3. Court never complied with 32B or C

4. Court never complied with 2929.191 from P.R.C.

5. Duplicitous Indictment

6. Violations of defendant's due process rights

7. Court violated plea agreement on no hearing

(Id. at PageID 173). On August 7, 2015, the Ohio appeals court denied the petition as untimely.

---

[1] Petitioner raised the second assignment error in a supplemental pro se brief, which was considered by the Ohio appeals court. (See Doc. 6, Ex. 22, 23).

3

(Doc. 6, Ex. 16). Petitioner did not appeal the decision to the Ohio Supreme Court.

### Post-Conviction Motions[2]

Petitioner filed several post-conviction motions:

*Motion for Hearing*

On May 1, 2015, prior to filing his Rule 26(B) application, petitioner filed a pro se motion for an evidentiary hearing on his sexual predator status, which was denied by the trial court on May 20, 2015. (Doc. 6, Ex. 28, 29).

Petitioner appealed the decision to the Ohio Court of Appeals on June 12, 2015, raising the following four assignments of error:

1. The trial court erred when in disregarding statutory requirements it did not comply with 32(B).

2. The trial court erred when it did not make the findings or adjudication of guilt in the records.

3. The trial court erred when it did not comply with R.C. 2929.191 by not holding a hearing for the nunc pro tunc with the defendant present.

4. The trial court erred when the court disregarded and failed to exercise its statutorily required duties during the defendant's alleged classification hearing.

(Doc. 6, Ex. 31). On November 2, 2015, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Ex. 33).

*Motion for Final Appealable Order*

On September 15, 2017, petitioner filed a motion for a final appealable order, which was denied by the trial court on September 18, 2017. (Doc. 6, Ex. 34, Ex. 60 at PageID 422).

---

[2] Unless otherwise noted, petitioner did not appeal to the Ohio Supreme Court from the decisions on his post-conviction petitions.

4

Petitioner did not appeal the decision.

### Motion to Correct Void Sentence

On February 5, 2018, petitioner filed a motion to correct void sentence, which was denied by the trial court on February 28, 2018.  (Doc. 6, Ex. 36, 37).

Petitioner filed an appeal to the Ohio Court of Appeals on March 19, 2018.  (Doc. 6, Ex. 38).  In his appellate brief, petitioner raised the following three assignments of error:

1. The trial court abused its discretion and erred to the prejudice of defendant-appellant when trial court failed to dismiss indictment for lack of subject-matter jurisdiction.

2. Trial court abused its discretion and erred to the prejudice of defendant-appellant when dismissing motion to correct void sentence as the trial court was in violation of R.C. 2929.11 and R.C. 2929.12.

3. The trial court abused its discretion and erred to the prejudice of defendant-appellant as the trial court has no authority to impose a sentence contrary to law.

(Doc. 6, Ex. 39 at PageID 254, 258, 260).  On July 30, 2018, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court.  (Doc. 6, Ex. 42).

### Motion to Dismiss Indictment

Meanwhile, on February 16, 2018, petitioner filed a pro se "Motion to Dismiss Indictment; Vacate Void Judgment and Conviction for Improperly Acquiring Subject-Matter Jurisdiction," which was denied by the trial court on February 26, 2018.  (Doc. 6, Ex. 43, 44).

Petitioner did not seek appellate review of the decision.

### Motion for Final Appealable Order

On November 4, 2019, petitioner filed a motion for a final appealable order and revised judgment entry.  (Doc. 6, Ex. 45).  On November 7, 2019, the trial court denied the motion.

5

(Doc. 6, Ex. 46).  Petitioner did not appeal from the decision.

*Motion to Remove Undifferentiated Charges*

On September 16, 2021, petitioner filed a pro se "Motion to Remove Undifferentiated, Identically Worded, Carbon Copy Charges, Due to Double Jeopardy and Due Process Violations, and Failure to Give Notice" in the trial court, which was denied on September 17, 2021.  (Doc. 6, Ex. 47, 48).

Petitioner filed an appeal to the Ohio Court of Appeals on October 12, 2021 (Doc. 6, Ex. 49), raising the following two assignments of error:

1. The trial court abused its discretion and erred when a defendant-appellant is denied due process of law and placed in double jeopardy when he is tried and convicted on an indictment which does not distinguish between conduct on any given date.

2. The trial court abused its discretion and erred when it failed to properly dismiss "hanging charges" pursuant to Crim. R. 48(A) and R.C. 2941.33 also violating his due process rights and placing him in double jeopardy.

(Doc. 6, Ex. 50 at PageID 320).  On April 22, 2022, the Ohio Court of Appeals affirmed the judgment of the trial court, finding the claims were barred under the doctrine of *res judicata*. (Doc. 6, Ex. 53).

Petitioner filed a pro se notice of appeal to the Ohio Supreme Court on May 26, 2022. (Doc. 6, Ex. 54).  In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

1. Whether it is a proper legal remedy for a court of law to deem an appellant's issues upon motion to be a post-conviction or to use the doctrine of res judicata to deny him, when it is clear that his due process rights have been violated and he has been placed in double jeopardy, further there's no final appealable order, therefore judgment is invalid and void.

6

(Doc. 6, Ex. 55 at PageID 389). On August 16, 2022 the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 6, Ex. 56).

*Motion for Finding of Facts and Conclusions of Law*

Meanwhile, on October 1, 2021, petitioner filed a pro se motion for finding of facts and conclusions of law, which was denied by the trial court on January 14, 2022. (Doc. 6, Ex. 57, 58, 59).

Petitioner did not seek review of the decision in the Ohio Supreme Court.

**Federal Habeas Corpus**

On September 12, 2022,[3] petitioner initiated the instant federal habeas corpus action. (*See* Doc. 1). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: Petitioner is denied due process and placed in double jeopardy.
>
> Supporting Facts: He is denied due process and placed in double jeopardy when he is tried and convicted on an indictment which does not distinguish between conduct on any given date.
>
> **GROUND TWO**: Due Process rights offended and placed petitioner in double jeopardy.
>
> Supporting Facts: The court failed to properly dismiss "hanging charges" pursuant to Crim.R. 48(A) and R.C. 2941.33.
>
> **GROUND THREE**: Whether it is improper for a court to use the doctrine of res judicata and deem a post-conviction. (sic)
>
> Supporting Facts: Due to the fact that it is clear that his due process rights have been violated and, he has been placed in double jeopardy, and deny him, when even further there is no final appealable order and thus is invalid and void.

---

[3] The petition was filed with the Court on September 19, 2022. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on September 12, 2022. (*See* Doc. 1 at PageID 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on September 12, 2022.

(Doc. 1 at PageID 5-8).

Respondent has filed a return of writ in opposition to the petition (Doc. 7), to which petitioner has replied (Doc. 10).  According to respondent, petitioner's grounds for relief are time-barred, procedurally defaulted, and without merit.

## III.  ANALYSIS

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The record in this case contains no evidence suggesting that the provisions set forth in §§ 2244(d)(1)(B) through (C) apply to petitioner's grounds for relief.  Petitioner has not alleged that a State-created impediment prevented him from filing the instant petition or that his claims are

8

governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings.[4]  Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), it appears that petitioner's conviction became final on May 17, 2007, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's April 17, 2007 sentencing.  *See* Ohio R. App. P. 4(A).  The statute commenced running on April 18, 2007, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 18, 2008, absent the application of statutory or equitable tolling principles.

As noted above, the trial court issued a *nunc pro tunc* judgment entry on June 18, 2014.

---

[4] In Ground Three petitioner alleges that the Ohio courts improperly found his post-conviction petition barred by the doctrine of *res judicata*. (*See* Doc. 1 at PageID 8).  Petitioner's ground for relief is not cognizable to the extent that he alleges errors in post-conviction proceedings.  *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state postconviction proceedings")  (citing *Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir. 1986)).  Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention.  *Kirby,* 794 F.2d at 247.  *See also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 386–87 (6th Cir. 2002).  Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)).  A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable.  *See Kirby,* 794 F.2d at 247–48.  The claims raised in his post-conviction proceedings concern alleged errors with his indictment, sentencing, and/or judgment entry and, therefore were knowing to him prior to the close of direct review.

(Doc. 6, Ex. 17). "When courts engage in a full resentencing, the resulting sentence is a new 'judgment' that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)). In *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), the Sixth Circuit held that a *nunc pro tunc* order adding a previously omitted post-release control term also constituted a "new judgment" that served to reset the statute of limitations. However, the Sixth Circuit noted that the limitations period is not reset on a limited resentencing absent a new, worse-than-before sentence. *See Freeman*, 959 F.3d at 229-30 ("[I]n *Crangle v. Kelly*, we extended [the principle that a full resentencing is a new judgment that resets the limitations period] to some limited resentencings, holding that a new, worse-than-before sentence amounts to a new judgment.") (internal quotation marks and citation omitted).

 In this case, it does not appear that the June 18, 2014 *nunc pro tunc* entry amounted to a new, worse-than-before sentence. As noted above, petitioner filed a motion to correct sentence, arguing that the means of his conviction was not indicated in the final judgment entry and post-release control was not properly imposed. (*See* Doc. 6, Ex. 14). Although petitioner was informed at his sentencing hearing that he would be subject to a mandatory, five-year term of post-release control (*see* Doc. 6-1 at PageID 483), the final judgment entry stated that the post-release control was "required." (*See* Doc. 6, Ex. 11, 16). In response to petitioner's motion to correct sentence, the trial court issued the *nunc pro tunc* entry to specify the means of petitioner's conviction and to clarify that post-release control was "mandatory," as opposed to "required." (*See* Doc. 6, Ex. 16 ("the Nunc Pro Tunc Entry shall contain the word "mandatory" in referencing post release control rather than the word "required")).

Petitioner has not argued, nor is the undersigned convinced, that the June 18, 2014 *nunc pro tunc* entry operated to reset the limitations period. However, even assuming without deciding that it did, the petition is still untimely. In that case, petitioner's conviction and sentence became final on March 26, 2015, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 9, 2015 direct appeal decision. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on March 27, 2015, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 27, 2016, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

11

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case—assuming in petitioner's favor that his conviction and sentence became final on March 26, 2015—petitioner was entitled to statutory tolling during the pendency of his May 1, 2015 post-conviction motion for a hearing and appeal. (*See* Doc. 6, Ex. 28). The limitations period ran 35 days, from March 27, 2015 until May 1, 2015, and was tolled until the Ohio Court of Appeals' November 2, 2015 decision affirming the judgment of the trial court. (*See* Doc. 6, Ex. 33). The limitations period began running the following day and ran the remaining 330 days, expiring on September 26, 2016.[5] Because petitioner did not file his federal habeas petition until September 12, 2022, nearly six years later, the petition is time-barred unless equitable tolling principles apply in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d

---

[5] Petitioner's next state-court filing was not until September 15, 2017, when he filed his motion for a final appealable order in the trial court. (*See* Doc. 6, Ex. 34). Because the limitations period had already expired, the motion (and petitioner's subsequent state-court filings) did not toll the limitations period. *See Vroman*, 346 F.3d at 602.

12

745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner claims that he was diligent by "consistently in his filings within the trial court and appellate court stat[ing] that there is no final appealable order." (Doc. 10 at PageID 570). However, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 2,727 days—from March 26, 2015 to September 12, 2022—to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal

13

habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

The undersigned's opinion is not altered by petitioner's claim that alleged deficiencies in the final judgment entry resulted in a void or non-final/appealable order. Specifically, petitioner argues that the trial court failed to properly dismiss sixteen counts of gross sexual imposition. As detailed above, petitioner was initially charged with thirty-one counts of gross sexual imposition in the indictment, before entering a guilty plea to fifteen of these counts. According to petitioner, the trial court's alleged failure to dispose of the remaining sixteen counts leaves the charges "hanging," without a final appealable order. (*See* Doc. 10 at PageID 570-71). *See generally State v. McKinney*, No. 22CA7, 2023 WL 3399716, at *2-3 (Ohio App. 4 Dist. Apr. 27, 2023) ("This court consistently has stated that a trial court's judgment of conviction is not final and appealable if any counts of the indictment remain unresolved. . . . A failure to properly terminate these so-called 'hanging charges' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case.") (citations omitted). *See also State v. Richards*, No. 20-CA-12, 2021 WL 512239, at *2-3 (Ohio App. 4 Dist. Feb. 3, 2021) (noting that "[b]efore the judgment of conviction may become final and appealable, however, the record must reflect that all counts of the indictment actually were resolved in some manner").

Contrary to petitioner's argument, the trial court's judgment entry resolved all the charges against him. The trial court's judgment entry specifies the charges against petitioner

14

contained in the indictment, that petitioner entered a guilty plea to one count of rape and fifteen counts of gross sexual imposition, and that the State of Ohio entered a Nolle Prosequi as to the remaining sixteen counts of gross sexual imposition. (*See* Doc. 6 at PageID 128 ("Thereupon, the State of Ohio, with leave of the court entered a Nolle Prosequi as to sixteen (16) counts of Gross Sexual Imposition (Section 2907.059(A)(4 R.C.).")).[6] Petitioner was not deprived of his ability to appeal the trial court's judgment and, in fact, appealed the judgment to the Ohio Court of Appeals, which treated the judgment as a final appealable order.[7] (*See* Doc. 6, Ex. 23). In any event, petitioner has not demonstrated that he was prevented from filing a timely habeas petition based on alleged errors in the April 18, 2007 or June 19, 2014 judgment entries.

Finally, petitioner has not demonstrated that the procedural bar to review should be

---

[6] Review of the guilty plea transcripts indicate that the dismissal of the 16 counts of gross sexual imposition was pursuant to the plea agreement between petitioner and the prosecution:

> COURT: . . . It is my understanding there is a plea negotiation arrangement arrived at between counsel. Is that Correct Mr. Flautt?
>
> [PROSECUTOR]: Yes, your Honor, it is my understanding that the Defendant is willing to enter a guilty plea to fifteen counts of Gross Sexual Imposition and one count of Rape. In consideration of his doing that the State would be willing to ask for leave to nolle the remaining counts of Gros Sexual Imposition.

(Doc. 6-1, Trans. at PageID 463). Before accepting the guilty plea, the Court reviewed the plea agreement with petitioner:

> COURT: Ok. Now you are charged with one count of rape § 2907.02(A)(1)(b) and originally thirty-one counts of Gross Sexual Imposition § 2907.05(A)(4) felony of the third degree. You understand it is the State's position to nolle sixteen of those counts and have you plead to fifteen counts of Gross Sexual Imposition.
>
> [PETITIONER]: Yes.

(*Id.* at PageID 464). The Court subsequently accepted petitioner's guilty plea to one count of rape and fifteen counts of gross sexual imposition, as contemplated by the agreement.

[7] The Court of Appeals found that "the original termination judgment entry filed April 18, 2007 was a final order subject to appeal under R.C. 2502.02 and the absence of how Fryer's conviction was effected, required as a matter of form by Crim.R. 32(C), did not deprive Frye of the opportunity to appeal his conviction or sentence." (Doc. 6, Ex. 32 at PageID 169).

excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

### IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 12/19/2023

Karen L. Litkovitz
United States Magistrate Judge